**FRANK, etc. v JONES, et**

Common Pleas Court, Summit Co.

No. 129276.   Decided Jan. 5, 1940.

Wade DeWoody, director of law and Harold Mull, assistant director of law, Akron, for city of Akron.

Charles W. Frank, Akron, for plaintiff.

Ross Ormsby and Mason Snow, Akron, for various defendants.

## OPINION

By COLOPY, J.

This cause came to be heard on the demurrer of the plaintiff to the answer of the defendant, Mason Snow, administrator of the estate of Louise Steinert.

The plaintiff, Charles W. Frank, as county treasurer, brings this action to foreclose the lien of certain special assessments levied upon certain premises by the city of Akron. The petition alleges, in part, that the action is brought pursuant to authority granted by §§2667, 2669 and 3892, GC; that the lands * * * are charged with assessments, penalties and interest on the tax duplicate of Summit county, Ohio; that said assessments, penalties and interest have not been paid within the time prescribed by law and are a first and best lien, with the exception of general taxes, upon the following de-

scribed premises; * * * that the amount of assessments, penalties and interest due on said premises is $500.89.

In the prayer of the petition the plaintiff asks for judgment; that the equity of defendants be foreclosed; that the premises be sold and proceeds of sale applied, first, to the satisfaction of general taxes; secondly, to the payment of assessments, penalties and interest, and the balance of said proceeds distributed according to law.

To this petition the defendant, Mason Snow, administrator, filed an answer consisting of two defenses. The first defense is a general denial. The second defense alleges "that the plaintiff has at no time complied with General Code of Ohio, particularly that chapter of the code entitled 'Delinquent Lands', §5704, et seq., in that there has been no advertisement or certification of the lands described in plaintiff's petition and claimed delinquent, nor has there been any publication of said delinquency as required by §5718, GC."

To this answer, "and particularly to the second defense thereof," the plaintiff has filed a demurrer.

The first defense of said answer is obviously good as considered against said demurrer. However, our chief interest concerns the sufficiency of the second defense of said answer, which presents a question of much general importance which has not heretofore been determined.

May a county treasurer maintain an action to collect special assessments charged against land pursuant to the provisions of §2667, GC without complying with the requirements of §§5704, et seq., relative to certifying lands as delinquent for unpaid taxes and publication of notice of such delinquency?

This court is of the opinion that the treasurer of a county may enforce the lien of special assessments under §2667 without regard to the requirements and limitations set forth in §5704, et seq., pertaining to said certification and publication.

Sec. 5717, GC provides that:

"No proceedings in foreclosure, under this chapter shall be instituted on delinquent lands, unless the taxes, assessments, penalties, and interest have not been paid for three consecutive years after such lands have been certified as delinquent."

Sec. 2667, GC provides:

"When special assessments, charged against lands or lots or parcels thereof upon the tax duplicate, authorized by law, or any part thereof, are not paid within the time prescribed by law, the county treasurer in addition to other remedies provided by law may enforce the lien of such assessments and any penalty thereof, by civil action in his name as county treasurer, for the sale of such premises, in the Common Pleas Court of the county, without regard to the amount claimed, in the same way that mortgage liens are enforced."

These sections are not irreconcilable. §5717, GC, does not limit or repeal the provisions of §2667 by any express words. The language of §2667, GC, is definite. Said section expressly provides that the provisions of this section "are in addition to other remedies" which the county treasurer has to enforce such liens.

The amendments to §2667, GC, and §5717, GC, were made in the same act, A. S. B. 326, Vol. 114, O. L., 825, passed June 24, 1931.

In addition, the act supplemented the Uniform Bond Act, §2293, GC, by the addition of §2293-5a, GC, which provided for the reassessment of delinquent special assessments when refunding bonds were issued pursuant to §2293-5, GC to meet matured or maturing special assessment bonds.

Sec. 2293-5a, GC now appears in part in §2293-5, GC, and in somewhat different form in §2293-5q, GC.

Sec. 3892, GC, expressly authorizes the legal representative of the municipality to act as attorney for the county treasurer, in such actions brought under §2667, GC. This provision, together

with the character of the amendments to said sections, show that the legislature was providing a simple, inexpensive, and direct method of collecting special assessments to meet the refunded bonds upon maturity.

The principle with respect to repeals by implication is decisive. This principle was announced in **Dodge v Gridley, 10 O 174**, and restated in **Village of Leipsic v Wagner, 105 Oh St 466, at page 470** as follows:

"Two statutes in **pari materia** shall stand together, and both have effect, if possible, for the law does not favor repeals by implication."

Counsel for the plaintiff shall furnish the proper journal entry disposing of the demurrer as indicated.